ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 7, 2012

The Honorable Florence Shapiro
Chair, Committee on Education
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0910

Re: Application of nepotism law, chapter 573, Government Code, to a school superintendent's reassignment of his spouse, a school district counselor (RQ-0991-GA)

Dear Senator Shapiro:

You have asked to receive the opinion originally requested by Senator Hegar about the application of the anti-nepotism law, chapter 573, Government Code, to a school superintendent's reassignment of his spouse, who is also employed by the school district.[1] You inform us that after a school district board of trustees (the"Board") hired a superintendent's spouse as a school counselor, the Board adopted a policy delegating its authority to select district personnel to the superintendent. Request Letter at 1. The superintendent has reassigned his spouse, who is a certified academic counselor, to an alternative high school in need of a certified academic counselor to sign transcripts. *Id.* You ask if a superintendent who has been delegated final authority to select district personnel is precluded by the nepotism provisions of chapter 573 of the Government Code from reassigning his spouse to another campus in the school. *Id.* at 1, 7.

Chapter 573 generally prohibits public officials from exercising their appointment or confirmation authority to select close relatives for public employment. *See* TEX. GOV'T CODE ANN. § 573.041 (West 2004). The chapter's definition of "public official" includes "an officer or member of a board . . . of a . . . school district . . . ." *Id.* § 573.001(3)(B). Thus, the prohibition can apply to a superintendent who possesses the authority to select a person by appointment or confirmation for public employment. *Id.* §§ 573.001(3)(B), .041; Tex. Att'y. Gen. Op. No. GA-0123 (2003) at 3.

Section 11.1513 of the Education Code requires a board of trustees to adopt a school district policy governing school district employment. TEX. EDUC. CODE ANN. § 11.1513(a) (West Supp. 2011). Unless the policy provides otherwise, a board possesses the authority to select all district personnel, limited to recommendations or alternative recommendations of the superintendent. *Id.* § 11.1513(a)(2), (b). However, a board may adopt a policy that delegates its final authority to select district personnel for employment to the superintendent, which you inform us has happened here.

[1]*See* Letter from the Honorable Glenn Hegar, Texas Senate, to the Honorable Greg Abbott, Attorney General of Texas at 7 (Aug. 1, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

*Id.* § 11.1513(a)(2); Request Letter at 1. When a board "delegates to the superintendent the final authority to select district personnel . . . the superintendent is a public official for purposes of Chapter 573, Government Code, *only* with respect to a decision made under that delegation of authority . . . ." TEX. EDUC. CODE ANN. § 11.1513(f)(1) (West Supp. 2011) (emphasis added). Thus, while a superintendent may meet the general definition of a "public official" under section 573.001(3)(B) of the Government Code, under section 11.1513(f)(1) of the Education Code, a school superintendent is a public official subject to nepotism provisions only when making a decision pursuant to delegated authority to select district personnel. *Id.* § 11.1513(f)(1); TEX. GOV'T CODE ANN. § 573.001(3)(B).[2]

However, the authority to select a person for district employment is different from the authority to assign the person to a particular campus. *See* Tex. Att'y Gen. Op. No. GA-0123 (2003) at 4 (noting distinction between selection and assignment). The Education Code grants a superintendent, as the chief executive officer of a school district, "administrative authority and responsibility for the assignment" of all district personnel. TEX. EDUC. CODE ANN. § 11.201(a), (d)(2) (West Supp. 2011).[3] The board, on the other hand, possesses no authority to assign a district employee to a particular position and therefore has no assignment authority to delegate. Tex. Att'y Gen. Op. No. GA-0123 (2003) at 4 (observing that the Education Code authorizes the superintendent, not the board, to assign district personnel). Because superintendents possess assignment authority in their own right, rather than by delegation, a superintendent is not a public official subject to chapter 573 of the Government Code when making an assignment under the Education Code. TEX. EDUC. CODE ANN. § 11.1513(f) (West Supp. 2011). Consequently, the nepotism provisions of chapter 573 of the Government Code do not preclude a superintendent from reassigning his spouse to another campus in the school district.

You also ask about the applicability and effect of the continuing employment exception to the anti-nepotism statute in section 573.062 of the Government Code. *See* Request Letter at 1–3; *see also* TEX. GOV'T CODE ANN. § 573.062 (West 2004). Because the superintendent is not a public official subject to the anti-nepotism provisions of chapter 573 of the Government Code when assigning an employee to a particular campus, section 573.062 is not relevant to your question. Tex. Att'y Gen. Op. No. GA-0123 (2003) at 4.

---

[2]When statutes irreconcilably conflict, a specific provision prevails as an exception to the general provision, unless the general statute is the later enacted and legislative intent indicates it is to prevail. *See* TEX. GOV'T CODE ANN. § 311.026(b) (West 2005); *see also id.* § 311.025(a) (providing that "if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails"). As the more specific and most recently enacted, Education Code section 11.1513(f) prevails over Government Code section 573.041. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 1244, § 4, 2007 Tex. Gen. Laws 4188, 4190–91 (amending Education Code section 11.1513); Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 643 (codifying Government Code section 573.041).

[3]Although the superintendent's authority would include assigning a person to a particular campus, the school's principal is required to "assign, evaluate, and promote personnel assigned to the campus." TEX. EDUC. CODE ANN. § 11.202(b)(5) (West 2006).

## S U M M A R Y

A superintendent of an independent school district is not a public official subject to the anti-nepotism provisions of the Government Code when assigning an employee to a particular district campus.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee